

# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

JENNIFER MILLER                          §
                                         §
V.                                       §           CASE NO. 4:05CV152
                                         §           (Judge Schneider/Judge Bush)
FIRST COLONY LIFE INSURANCE              §
COMPANY                                  §
                                         §

## ORDER

Before the Court is Plaintiff Jennifer Miller's Motion to Remand.  Having considered the

motion and Defendant First Colony Life Insurance Company's (hereafter "First Colony" or

"Defendant") response, the Court is of the opinion that Plaintiff's Motion to Remand should be

denied.

Plaintiff originally sued Defendant for breach of contract in Denton County Probate Court.

The contract at issue is for a life insurance policy, the original beneficiary of which was AEA

Associates, Inc. ("AEA").  The insured, Ellen Harden (hereafter "the Insured"), who is now

deceased, was Plaintiff's mother.

In January of 2000, Defendant received a change of ownership and beneficiary form signed

by Gerald Harden, the Insured's husband, in his capacity as AEA's chief financial officer,

designating himself as the owner and beneficiary of the policy.  Subsequent to the Insured's death

in December 2000, Defendant paid the policy proceeds to Gerald Harden, whom Defendant has

now named as a third-party defendant. This cause was removed to federal court on April 22, 2005

pursuant  to 28 U.S.C. § 1441 based on diversity jurisdiction.

Plaintiff first contends that the case should be remanded to state court because complete

Page 1

diversity of citizenship does not exist.  Plaintiff first bases her contention on her claim that, in her capacity as legal representative of the estate of Ellen Harden, she is a resident of Texas rather than California.  Plaintiff's argument is flawed, however, because regardless of whether she resides in California or Texas, First Colony is a Virginia corporation with its principal place of business in Lynchburg, Virginia.  Because this case involves life insurance rather than liability insurance, Defendant is only a citizen of its state of incorporation and the state in which its principal place of business is located, in both respects, Virginia.  *See*  28 U.S.C. § 1332(c)(1).  As Plaintiff and Defendant reside in different states and the amount in controversy exceeds $75,000, all of the requirements for diversity jurisdiction have been met.  *See* 28 U.S.C. 1332.    Plaintiff next contends that diversity was destroyed when Defendant brought Gerald Harden into the lawsuit as a third-party defendant.  As Gerald Harden is a citizen of Texas, and Plaintiff claims to be suing as the legal representative of the estate of Ellen Harden, who also resided in Texas, Plaintiff claims that diversity is destroyed.  Plaintiff is likewise flawed in this argument.  Complete diversity is required between all plaintiffs and all defendants, but it is not necessary that diversity exist between plaintiffs and third-party defendants.  *See Owen Equip & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978); *Equitable Life Assur. Soc. of U.S. v. Lafferty*, 2003 WL 22946473, at *2 (N.D. Tex. Feb. 11, 2003).  The Court thus has jurisdiction over Defendant's third-party claim against Gerald Harden pursuant to its supplemental jurisdiction.  *See* 28 U.S.C. § 1367; *see also*, *Zurn Indus., Inc. v. Acton Const. Co.*, 847 F.2d 234, 236-37 (5th Cir. 1988).  Thus, even if Plaintiff is considered a resident of Texas for purposes of these proceedings, remand is not proper simply because the third-party defendant is also a Texas resident.  As long as Plaintiff and Defendant reside in different states, the Court has diversity jurisdiction.

Page 2

Plaintiff also requests remand so that she may consolidate this case,  pursuant to Texas Rule of Civil Procedure 41, with a proceeding in Denton County Probate Court in which she is suing Gerald Harden.  The Court is not persuaded by Plaintiff's argument.  The mere possibility that an action pending in federal court could be consolidated with a state court action if the federal action were pending in state court does not justify remand.  Plaintiff has cited no authority supporting her contention and the Court does not find remand to be appropriate on these grounds.

Plaintiff further argues that remand is proper because Gerald Harden is an indispensable party and that  his joinder is necessary to afford complete relief pursuant to Federal Rule of Civil Procedure 19.  However, Gerald Harden has already been brought into the present action as a third-party defendant, and his joinder pursuant to Rule 14 negates any concerns addressed by Rule 19. *See Employers Mut. Cas. Co. v. Maya*, 2004 WL 2826813, at *3 (N.D. Tex. Dec. 9, 2004). Furthermore, any claims Plaintiff has against Gerald Harden directly can be addressed by the state probate court action.  Plaintiff was apparently well aware of her claims against Gerald Harden when she filed the petition in this case on the same day she asserted her opposition in the probate case, and thus her failure to name him as a Defendant originally is due to her own error.  As Plaintiff was aware of her claims against Gerald Harden but did not name him, her attempt to realign the parties at this stage in the litigation is clearly aimed primarily at defeating federal jurisdiction. *See Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1029 n.11 (5th Cir. 1991) (among other factors, courts must consider the extent to which the purpose of joining a party is to defeat jurisdiction).  Furthermore, Plaintiff has not yet requested leave to name Gerald Harden as a defendant, but is prematurely requesting remand before adding him as a party.  The Court will not remand a case based upon mere speculation that at some future point, Plaintiff may seek leave

to amend her complaint and name Gerald Harden as a defendant.

Plaintiff next argues that the case should be remanded because it falls within the probate exception set out in *Markham v. Allen*, 326 U.S. 490, 495 (1946).  Under *Markham*, a federal court may not probate a will or administer an estate, but may hear suits by claimants against an estate as long as the federal court does not interfere with the probate proceedings, assume general jurisdiction of the probate, or control any property in the custody of the state court.  *Id.* at 494.  The Court can exercise jurisdiction over the present matter without offending *Markham*.  The Court is not interfering with probate proceedings because the probate court has already stated that Plaintiff's claims under the policy are "non-probate" claims (Pl. M. Remand, Ex. 1).  *See Equitable Life Assur. Soc of U.S. v. Porter-Englehart*, 867 F.2d 79, 83 (1st Cir. 1989) (as life insurance is a matter of contract and not a will, federal courts do not interfere with probate proceedings by hearing contract cases involving life insurance policies).

The Court is likewise not assuming general jurisdiction of the probate or controlling any property in the custody of the state court.  As stated above, Plaintiff's only claim in this case alleges breach of a life insurance contract, which the probate court has recognized to be a "non-probate" matter (Pl. M. Remand, Ex. 1) This Court has jurisdiction to decide Plaintiff's claims as an assignee or heir of the estate.  *See Markham*, 326 U.S. at 494.  Furthermore, none of the property subject to this suit is in the custody of the probate court.  The Court therefore finds that this case does not fall within the probate exception.

Plaintiff finally argues, in the alternative, that the Court should abstain from hearing this case because there is a similar action pending in state court which could be consolidated with the present action.  The abstention doctrine only applies when there are *parallel* proceedings pending

in federal and state court.  *Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 540 (5th Cir. 2002).  Proceedings are only parallel for abstention purposes if they involve the same parties and the same issues.  *Id.; see also Am. Guar. & Liab. Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 251-52 (5th Cir. 2005) (holding that abstention was improper where federal proceeding involved party not involved in state court proceeding).  Defendant is clearly not a party to the state court probate proceeding at issue. Therefore, the proceedings are not parallel and the abstention doctrine does not apply.

IT IS THEREFORE ORDERED  that Plaintiff's Motion to Remand is, in all respects, DENIED.

**SIGNED this 22nd day of June, 2005.**


_____

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE